```
                   UNITED STATES DISTRICT COURT
                   EASTERN DIVISION OF KENTUCKY
                         FRANKFORT DIVISION

JOANIE CHEAK THACKER,           )
                                )
        Plaintiff,              )
                                )
    v.                          )   Case No. 3:14-cv-57-JMH
                                )
CAROLYN W. COLVIN,              )
Acting Commissioner of          )   MEMORANDUM OPINION & ORDER
Social Security,                )
                                )
        Defendant.              )
```

                                ***

Plaintiff seeks judicial review of a final administrative decision by the Administrative Law Judge (ALJ), finding that she was not disabled within the definitions set out in 42 U.S.C. § 416(i) and § 423(d). Both parties, with Plaintiff proceeding pro se, have filed cross motions for Summary Judgement within this Court [DE 7, 8]. Upon review of the record, the Court grants the motion of the Defendant and denies the motion of the Plaintiff.

**I.  LEGAL FRAMEWORK**

**A. Standard of Review**

The duty of the Commissioner in Social Security cases is to determine whether the plaintiff is disabled and, therefore,

entitled to benefits under the Social Security Act. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Once a final administrative decision has been rendered, judicial review in a district court of the United States is the parties' only avenue of relief from the decision. 42 U.S.C. § 405(g). On appeal, this Court only inquires into whether the ALJ's findings were supported by substantial evidence, and whether the ALJ used proper legal standards. *Id.; Rogers*, 486 F.3d at 241. "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

**B. The Law of Social Security Determinations**

When considering whether a claimant is disabled and eligible for benefits, ALJ's complete a five-step, sequential evaluation of the claimant:

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.
>
> 2. An individual who is working but does not have a "severe" impairment which significantly limits

>his physical or mental ability to do basic work activities is not disabled.
>
>3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.
>
>4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.
>
>5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)); *see also Oliver v. Comm'r of Soc. Sec.*, 415 F. App'x 681, 682 (6th Cir. 2011). During the first four steps of the analysis, the burden lies with the plaintiff to establish her disability. *Oliver*, 415 F. App'x at 683. If the analysis proceeds to the fifth step, the burden shifts to the Commissioner. *Id.*

**C. The ALJ's Decision**

Thacker filed a Title II application for a period of disability and disability insurance benefits on June 11, 2011; the claimant alleged that her disability began on January 31, 2010. [Tr. 8]. The claim was denied initially and upon reconsideration. *Id.* On November 22, 2011, the claimant filed a written request for hearing pursuant to 20 C.F.R. § 404.929. On March 13, 2013, the ALJ heard testimony from the claimant, an impartial vocational expert, the claimant's husband, and the claimant's treating rheumatologist, Dr. Sonia Nair, via telephone. *Id.*

Under step one of the five step analysis, the ALJ found that the claimant did not engage in substantial gainful activity from January 31, 2010, through her date last insured, June 30, 2010. [Tr. 10]. Under step two, the ALJ found that the claimant had the following severe impairments: carpal tunnel syndrome, bilateral upper extremities; fibromyalgia; depressive disorder with anxiety. [Tr. 10]; 20 C.F.R. § 404.1520(c).

At step three, the ALJ concluded that the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of those specifically considered by the Act in 20 C.F.R. § Part 404, Subpart P, Appendix 1. [Tr.

4

12]. Completing the step four analysis, the ALJ found that the claimant had the residual functional capacity (RFC) to lift ten pounds frequently, stand/walk in two hour increments for a total of six hours, sit for six hours, perform simple and detailed tasks, and occasionally stoop, kneel or crouch. [Tr. 13]. The vocational expert determined that a person with those limitations would have a classified RFC of "reduced range at light exertion" and would be able to complete the claimant's past relevant work as a bookkeeper. [Tr. 72]. At step five, the vocational expert testified that a person with the claimant's age, education, work experience, and residual functional capacity would have jobs available to them in significant numbers within the national economy. [Tr. 72,73].

After considering all the evidence, the ALJ concluded that the claimant was not disabled under 42 U.S.C. § 416(i) and § 423(d) at any time from January 31, 2010, through the date last insured, June 30, 2010, [Tr. 16], and the claimant's request for benefits was denied.

**II. ANALYSIS**

Claimant argues that the ALJ erred because (1) his decision was not supported by substantial evidence on the record, since

5

Plaintiff's condition has been ongoing since 2010, and because (2) the testimony of the vocational expert indicated that there were no complimentary jobs available for the Plaintiff. Based on the entirety of the record, the Court finds both contentions to be without merit.

### A. The ALJ's Decision Was Supported By Substantial Evidence

To determine whether substantial evidence exists to support the ALJ's conclusion, this court looks to the administrative record as a whole. *Cutlip*, 25 F.3d at 286. "If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Id.* (citations omitted). In the instant case, the issue is whether the ALJ's finding that the Plaintiff was not disabled as of June 30, 2010, is supported by substantial evidence.

"Disability" is defined within the Act as, "[an] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment...." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 416(i)(1). In reaching his conclusion that the Plaintiff was not disabled as defined, the ALJ relied upon a substantial body of evidence

6

within the record, including treatment records by Dr. James D. Gilbert on November 12, 2009 [Tr. 494], and then again on September 20, 2010 [Tr. 497]. While the claimant asserts that her disability began on January 31, 2010, no significant deterioration in the claimant's musculoskeletal condition was noted between the two reports. Such an absence of medical evidence during the time insured can be significant to finding substantial evidence that there was no disability. *See Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004).

Just after the time of her supposed onset, both Plaintiff's mental and physical impairments were found to have improved. An examination report by Dr. John Mandrola dated January 18, 2010, indicated that the claimant had "no skeletal pain, reduced range of motion, or history of arthritis. No loss of muscle strength." [Tr. 363]. A rheumatology follow-up report by Dr. Jeffrey S. Neal dated February 22, 2010, indicated that the claimant's fibromyalgia was "probably a little better. Her depression is better." [Tr. 420]. Several months later, medical reports indicated more improvement of claimant's physical and mental impairments. A rheumatology follow-up report by Dr. Jeffrey S. Neal dated August 23, 2010, indicated that her depression had, "overall improved since switching to

7

Cymbalta." [Tr. 429]. An examination with Dr. William L. O'Neill following a left carpal tunnel release and dated August 18, 2010, indicated that the claimant had "good range of motion of her fingers." [Tr. 349].

Finally, the claimant testified that she was able to go out for lunch, do some regular cooking, check E-mail, drive to the grocery store and perform some household chores during the period in question. [Tr. 57—62]. Claimant's ability to complete such activities conflicts with her claim to be disabled during that time. *See Buxton v. Halter*, 246 F.3d 762, 775 (6th Cir. 2001) (concluding that claimant's accounts of shopping, light cleaning, cooking, and exercising conflicted with supposed limitations).

The medical evidence cited constitutes substantial evidence upon which the ALJ properly relied to determine the claimant's limitations during the period in question. The weight of the evidence is such that a reasonable mind might accept it as adequate to support the ALJ's conclusion. *See Cutlip*, 25 F.3d at 286.

The claimant attempts to advance her own theory of limitations, relying upon evaluation by Dr. Sonia Meir, her rheumatologist. However, Dr. Meir did not begin treating the

8

claimant until August 17, 2011, over one year after the date last insured. [Tr. 33]. The record indicates that the Plaintiff's date last insured under the Act was June 30, 2010. [Tr. 202]. Thus, Dr. Meir's findings concerning claimant's limitations after the date last insured are, without more, irrelevant to the conclusions reached as to her limitations prior to the date last insured.[1] *See Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004) ("Evidence of disability obtained after the expiration of insured status is generally of little probative value"); *see also Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir. 1988) (holding that an ALJ may reject a treating physician's opinion when good reasons are given for not accepting it). Further, Dr. Meir never treated claimant's depression [Tr. 36] and never placed the claimant on any work restrictions. [Tr. 37]. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010) (holding that it is significant that treating physician never recommended any ongoing restrictions with reference to claimant's limitations).

---

[1] Further, in a Functional Capacity Evaluation dated March 11, 2013, Physical Therapist James Escaloni indicated that the claimant "...demonstrated the ability to function in the MEDIUM Physical Demand Level for an 8 hour day...." [Tr. 779]. Although the evaluation does not speak to the date last insured, it shows that the claimant's position that the ALJ erred, "because Plaintiff's condition has been ongoing since 2010 and has continued to worsen [DE 7]," is untenable.

9

**B. The Testimony Of The Vocational Expert Indicated That There Were Jobs Available For The Plaintiff**

Through the date last insured, the ALJ found that the claimant had severe impairments [Tr. 10]. To rise to the level of disabling, however, the Act also requires that the physical or mental impairments be so severe that they render the claimant unable to do her past work and, considering the claimant's age, education, and work experience, render claimant unable to complete any other substantial, gainful employment that exists in the national economy. 42 U.S.C. § 423(d)(2)(A); *see also* 20 C.F.R. § 404.1520(f); *see also* 20 C.F.R. § 404.1520(g). Evidence of a claimant's ability to complete past, relevant work or other gainful employment may be shown by the testimony of a vocational expert in response to a hypothetical question, if that question adequately represents the claimant's individual physical and mental impairments. *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002); *see also Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

In this case, the ALJ posed a hypothetical question to the vocational expert that accurately represented the limitations of the claimant during the time period in question [Tr. 71–72]. The question included the claimant's individual physical impairments, such as her specific abilities to lift items,

10

stand/sit for specific durations, handling and fingering limitations, and her ability to be exposed to cold, vibration and unprotected heights; the question also specifically referenced carpal tunnel syndrome in the bilateral upper extremities and fibromyalgia. *Id.* The question also incorporated the claimant's mental impairments, such as her depressive disorder, anxiety, mild restrictions in daily living and social functioning, her mild to moderate difficulties in concentration, persistence and pace, and her ability to perform both simple and detailed tasks. *Id.* Having concluded that substantial evidence in the record supports the ALJ's findings concerning claimant's limitations, the hypothetical question properly included those limitations. Thus, evidence of the claimant's ability to complete gainful employment was shown through the testimony of the vocational expert. *Howard*, 276 F.3d at 238; *see also Varley*, 820 F.2d at 779.

The vocational expert indicated that the claimant, with the above mentioned limitations, would be able to perform her past work as a bookkeeper. [Tr. 72]. Further, the vocational expert testified that the claimant could complete:

> [1] Assembly or bench work, 4,000 in the State, 197,000 in the nation...[2] Machine tender, 7,000 in

11

>   the State, 339,000 in the nation....[3] inspectors or testers, 1,100 in the State, 63,000 in the nation.

[Tr. 72—73].

Since claimant can complete both past, relevant work or, for that matter, gainful employment that exists in significant numbers within the national economy, the ALJ properly concluded that she is not disabled under the Social Security Act. 42 U.S.C. § 423(d)(2)(A); *see also* 20 C.F.R. § 404.1520(f); *see also* 20 C.F.R. § 404.1520(g).

### III. CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED:**

(1) That Plaintiff's Motion for Summary Judgment [DE 7] be, and the same hereby is, **DENIED;** and

(2) That Defendant's Motion for Summary Judgment [DE 8] be, and the same hereby is, **GRANTED.**

This the 5th day of June, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

12